**ALASKA TRANSPORTATION COMMIS-SION and State of Alaska,
Appellants,**

v.

**Donald HANCOCK et al.,
Appellees.**

**No. 1044.**

Supreme Court of Alaska.

Oct. 1, 1969.

Roger A. McShea III, Asst. Atty. Gen., Anchorage, G. Kent Edwards, Atty. Gen., Juneau, for appellants.

Eugene V. Miller, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND, RABINOWITZ, BONEY, and CONNOR, JJ.

OPINION

RABINOWITZ, Justice.

In the lower court the Alaska Transportation Commission instituted an action seeking injunctive relief against appellees.[1] There the Commission alleged appellees were operating as contract carriers in violation of the Alaska Motor Freight Carrier Act "since they have neither sought nor have been granted operating permits." [2]

---

13. Commonwealth ex rel. Hendrickson v. Myers, 393 Pa. 224, 144 A.2d 367 (1958), affirming, 182 Pa.Super. 169, 126 A.2d 485 (1956).

1. Appellants will hereinafter be referred to as the Alaska Transportation Commission or Commission.

2. In its complaint the Commissioner further alleged that "by unlawfully engaging

Relief in the nature of both preliminary and permanent injunctions against appellees' operating as contract carriers by motor vehicle without requisite operating permits was requested.

Upon filing the complaint, the Commissioner moved for a preliminary injunction. Appellees thereafter sought to dismiss both the complaint and motion for preliminary injunction.[3] After hearing oral argument, the superior court granted appellees' motion and this appeal followed.

Study of the transcript of the hearing shows that counsel for the appellees argued that the issue was one of jurisdiction. The superior court itself characterized the question raised by the motion as one pertaining to its jurisdiction to grant the requested injunctive relief.[4] Further, in granting appellees' motion to dismiss, the record reflects that the superior court grounded its decision on lack of jurisdiction.[5] We hold that the superior court erroneously dismissed appellants' complaint and motion for preliminary injunction.

In the lower court, appellees successfully argued that the Alaska Transportation Commission was required to hold classification hearings pursuant to AS 42.10.260 of the Alaska Motor Freight Carrier Act; that such hearings were necessary to determine whether or not appellees were "contract carriers"; and that such hearings, which were never held in the case at bar, were a condition precedent to the Commission's instituting an action for injunctive relief.[6] The superior court found this line of reasoning persuasive, for in articulating the basis of its decision the court held that it could not usurp the Commission's functions by conducting a classification hearing to determine which category of carrier appellees' operations came within, nor could it make a determination as to whether appellees were complying with the Alaska Motor Freight Carrier Act.[7]

In the Commission's complaint, it was alleged in part that appellees were operating

as contract carriers in performing truck services for various contractors and shippers and that they are thus in violation of AS 42.10.130 since they have neither sought nor been granted operating permits, and that by unlawfully engaging in such contract carrier activities they are unlawfully competing with other carriers who do have permits and are lawfully operating.

---

3. The basis of these motions was stated as follows: "[F]or the reason that plaintiffs do not have an adequate remedy at law and have not exhausted administrative remedies."

4. Typical of counsel for appellees' contentions are the following statements made at the hearing before the superior court: "The cases indicate that the administrative remedies have to be followed before the Court has jurisdiction. * * * The issue is whether or not this Court has jurisdiction to decide the question that's presented."

At the outset of the hearing, the court itself stated: "I'd like to first take up the question of the jurisdiction of this Court which was raised by Mr. Hodges [then counsel for most of the appellees] in his motion. * * *"

in such contract carrier activities they are unlawfully competing with other carriers who do have permits and are lawfully operating."

5. In the course of his oral opinion, the superior court judge stated in part that the Commission * * * is obliged to follow its rules and regulations and conduct its hearing on the level that is set forth in the applicable statutes. But that is, there should be a hearing in the—set up by the administrative procedures act.

* * * I don't believe that this Court can usurp the function of the Alaska Transportation Commission and conduct a hearing to determine if there are or are not classifications of these particular carriers and whether or not they are—if they are or are not complying with the law.

6. In regard to this last contention, appellees asserted that failure to hold such classification hearings was tantamount to lack of exhaustion of administrative remedies.

7. See note 5 supra.

As indicated previously, appellees contended that before a determination could be made that they were operating as contract carriers they must have previously received such a classification from the Alaska Transportation Commission through a classification proceeding, pursuant to AS 42.10.260. Study of the text of this portion of the Alaska Motor Freight Carrier Act reveals that the purpose of the statutory classification proceeding is different from that asserted by appellees. AS 42.-10.250 provides:

> The commission may from time to time establish just and reasonable classifications of the groups of carriers included in the terms common carrier and contract carrier as the special nature of the services performed by them requires, and just and reasonable rules, regulations, and requirements to be observed by the carriers classified or grouped, as the commissioner considers necessary or advisable in the public interest.[8]

■ It is apparent that the object of the classification hearing contemplated by AS 42.10.250 is not one of classification into common carrier or contract carrier categories. These classifications have been previously determined by the legislature. The purpose of the classification hearing contemplated by AS 42.10.250 is to ascertain whether or not a particular operation falls within a subclass of the legislatively established categories of common carrier, contract carrier, or private carrier.

Additionally, study of the entire Alaska Motor Freight Carrier Act has led us to the conclusion that the superior court misconstrued the act. AS 42.10.130(a) of the Alaska Motor Freight Carrier Act provides in part that:

> After January 1, 1961, no common carrier, contract carrier, or temporary carrier may operate for the transportation of property for compensation in the state without a permit.

AS 42.10.020 establishes what types of motor vehicles are exempt from regulation under the Alaska Motor Freight Carrier Act.[9] The act also defines the terms "common carrier," "contract carrier," and "private carrier" amongst others.[10] Of par-

---

8. Related statutory provisions are found in AS 42.10.260(a) which provides:
   Whether or not a motor vehicle is operated upon the highways within its proper classification is a question of fact for the commissioner. If the commission believes that a person operating motor vehicles on the highways is not operating within the proper classification, but is in fact a carrier of a different classification, it may institute a special proceeding, upon 10 days' notice requiring the person to appear before the commission at a location convenient for witnesses and the production of evidence, and bring with him books, records, accounts, and other memoranda, and give testimony under oath as to his operations. The burden is on the person to prove that his operations are properly classified.

9. This section provides:
   This chapter, except where specifically otherwise provided, does not apply to
   (1) motor vehicles operated exclusively in the transportation of United States mail or in the transportation of newspapers or periodicals;

(2) motor vehicles owned and operated by the United States, the state, or a borough, city, town, or municipality in the state or by a department of any of them, except when the vehicles are used to transport property of the general public for compensation in competition with other common carriers subject to the chapter and to the extent regulation of vehicles operated by the United States is permitted by the laws of the United States;
   (3) motor vehicles operated in connection with a business or activity in which the transportation of property in competition with established common carriers, contract carriers, or private carriers is not a regular or frequently recurring use, and in which the cost of transportation of the property is not included in a charge or fee made for the service given or products sold by the business or activity.

10. AS 42.10.420 provides in part:
    In this chapter
    &ast; &ast; &ast; &ast; &ast;
    (2) "common carrier" includes
    (A) a person who undertakes to transport property for the general pub-

ticular significance are the provisions as AS 42.10.120(a). Study of this portion of the Alaska Motor Freight Carrier Act clearly indicates that it was intended that the Alaska Transportation Commission was to have the duty of enforcing the act. AS 42.10.120(a) reads as follows:

> The commission may administer and enforce all provisions of this chapter and inspect the vehicles, books, and documents of motor carriers and the books, documents, and records of persons using the service of the carriers for the purpose of discovering discrimination, rebates, and other information pertaining to this chapter. The commission shall prosecute violations of this chapter.

Of parallel importance to the resolution of the issues in the case at bar is the provision of subsection (b) of AS 42.10.-120. Here it is provided that:

> (b) If a person fails to comply with (1) this chapter, except provisions as to the reasonableness of rates or charges, and the discriminatory character of rates or charges, or (2) a rule, regulation, requirement, or order under this chapter,

except an order for the payment of money, or (3) a term or condition of a permit, the commission or, in case of an order for the payment of money a party injured by the failure to comply, may apply to the superior court for the enforcement of the provision of this chapter or of the rule, regulation, requirement, order, term, or condition. *The court may enforce obedience by process restraining further violation and enjoining obedience.* (emphasis added)

■ Thus, under the act it is settled that no one may act as a common carrier for the transportation of property for compensation in the State of Alaska without having previously obtained an operating permit from the Alaska Transportation Commission. Subsection (a) of AS 42.10.-120 provides that the Commission shall have the duty and authority to prosecute violations of the act. AS 42.10.120(b) further determines that if a person fails to comply with any but certain excepted requirements of the act, then the Commission may apply to the superior court for enforcement of the particular requirement of the act.[11] This same subsection specifi-

---

lic by motor vehicle for compensation, over regular or irregular routes, on regular or irregular schedules, including motor vehicle operations of other carriers by rail or water and of express or forwarding companies;

(B) a person who leases, rents or provides a motor vehicle for the use of another in transporting property, and who provides, procures or arranges for, directly, indirectly, or by course of dealing, a driver or operator for the motor vehicle or the necessary authority for the use of it on a public highway;

(C) a person engaged in the business of providing, contracting for or undertaking to provide transportation of property for compensation over the public highways as a broker or forwarder;

(3) "contract carrier" includes all motor vehicle operators not included under the term "common carrier" or "private carrier" and includes any person who under special and individual contracts or agreements transports prop-

erty by motor vehicle for compensation; contract carrier includes a person engaged in the business of providing, contracting for, or undertaking to provide transportation of property for compensation over the public highways as a broker or forwarder;

\* \* \* \* \*

(7) "private carrier" is a person who, in his own vehicle, transports only property owned or being bought or sold by him in good faith when the transportation is an incidental adjunct to some other established private business owned or operated by him in good faith \* \* \*.

11. Pursuant to authority granted in AS 42.10.110 of the Alaska Motor Freight Carrier Act, the Commission enacted the following regulations:

The Commission or Director may proceed to enforce any non-compliance or violation of provisions of the Alaska Motor Freight Carrier Act and of the regulations, requirements, orders, terms

cally states that the superior court "may enforce obedience by process restraining further violation and enjoining obedience." Relating the foregoing to the facts of the case at bar, the record demonstrates that the Commission's attempt to enjoin appellees from operating as contract carriers without appropriate operating permits was fully in accordance with the intent and specific provisions of the Alaska Motor Freight Carrier Act.

█ Given what we believe to be the purpose of the classification provisions of AS 42.10.250, we hold that the Commission was authorized to seek injunctive relief against appellees' operating as permitless

contract carriers. We cannot read this act as requiring that the Alaska Transportation Commission must first conduct classification hearings as to any individual's operations as a precondition to the attainment of injunctive relief against an individual's unauthorized motor carrier operations, as appellee suggests, because such a construction would emasculate the Alaska Motor Freight Carrier Act.

The superior court's dismissal of appellants' complaint and motion for preliminary injunction is reversed and the case remanded to the superior court for further proceedings not inconsistent with the foregoing.

> or conditions required by the Commission by:
> (a) charging the alleged violator with a misdemeanor under the terms of the Act;
> (b) obtaining an injunction from the Superior Court;
> (c) initiating proceedings for suspension, modification or revocation of the permit held by the alleged violator;
> (d) or by obtaining any relief as otherwise provided by law.
> 3 Alaska Adm.Code § 3592 (1965).